**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES P. SCANLAN<br>214 Southwind Dr.<br>Doylestown, PA 18901<br><br>                              *Plaintiff*<br><br>-vs.-<br><br>AMERICAN AIRLINES GROUP INC. and<br>AMERICAN AIRLINES INC.<br>4333 Amon Carter Blvd.<br>Fort Worth, TX 76155<br><br>                              *Defendant* | Case: 1:22−mc−00101<br>Assigned To : Walton, Reggie B.<br>Assign. Date : 10/25/2022<br>Description: Misc.<br><br>   Case No. _____<br>(Related Case No. 1:22−mc−00097)<br><br>**MOTION TO COMPEL**<br>**COMPLIANCE WITH SUBPOENAS** |

The plaintiff and class representatives in *Scanlan v. American Airlines Group, Inc.,* 2:18-4040 (E.D. Pa.), bring this motion to compel the United States Department of Defense ("DOD") to comply with two subpoenas duces tecum issued under Federal Rule of Civil Procedure 45. The *Scanlan* complaint alleges in that Defendants American Airlines Group, Inc. ("AAG") and American Airlines, Inc. ("American Airlines") violated the Uniformed Services Employment and Reemployment Rights Act ("USERRA") § 416(b)(1) by failing to provide paid leave when plaintiff took military leave to perform short-term military service as part of his duty as a reservist—despite providing paid leave to employees who took other, comparable forms of leave—and breaching the terms of the profit sharing plan. Downes Decl. Ex. A at ¶¶ 74-101.

As a remedy for the paid leave claim, the Complaint seeks differential pay for the certified class of American Airlines pilots: the difference between reservist pilots' military pay and their pay at American Airlines. *Id.* at ¶ 6. Judge Harvey Bartle III of the Eastern District of Pennsylvania thus authorized and issued a subpoena to DOD to obtain records of both the precise

RECEIVED
OCT  25  2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

1

dates on which members of the Class performed military service the amounts members of the Class were paid for those dates of military service, so that they can be offset against the pilots' American Airlines pay for purposes of damages calculations. DOD has agreed to produce responsive records for all service branches except the United States Marine Corps by the end of October. But to date DOD has not committed to producing records related to members of the Marine Corps or proposed a production timeline for those records. Mr. Scanlan moves this Court for an order compelling compliance with the subpoena and requiring the production of the Marine Corps data by a date certain—within 30 days from the entry of such an order. Alternatively, this Court should transfer this subpoena enforcement action to the Eastern District of Pennsylvania for further proceedings.

## BACKGROUND

Under federal law, a subpoena can only issue to a federal agency for the information Plaintiff seeks with court approval. 5 U.S.C. § 552a(b)(11); 32 C.F.R. § 516.46(b)(1). The parties in the underlying action jointly requested that the district court to issue the first subpoena at issue in this motion. Downes Decl. Ex. B at ¶ 1. After Defendants produced additional class data listing previously unidentified members of the Class, the parties filed a stipulation seeking a second, materially similar subpoena for DOD records as to those additional class members. Downes Decl. Ex. C at ¶ 1. The district court found good cause to issue both subpoenas and granted the motions. Downes Decl. Ex. B at ¶ 2; Downes Decl. Ex. C at ¶ 2. The Eastern District of Pennsylvania also issued a similar subpoena to the United States Department of Homeland Security ("DHS") in this case for data relating to members of the United States Coast Guard. Downes Decl. at ¶ 7. That motion is the subject of a separately pending motion to compel (in the related case identified in the caption of this motion). *Id.*

The Clerk of Court for the United States District Court for the Eastern District of Pennsylvania issued the subpoenas on December 30, 2021, and February 25, 2022, with return dates of January 20, 2022, and March 17, 2022, respectively. Downes Decl. at ¶ 4. Class Counsel caused each subpoena to be served on DOD, along with a copy of the operative complaint, the protective order entered by the district court, and a cover letter explaining the context for the subpoena and its relevance to the litigation. *Id.* at ¶ 5. The subpoenas each included three requests for documents. The first sought for each member of the Class "ELECTRONIC DATA sufficient to show the branch or branches of the military in which the individual served during the RELEVANT TIME PERIOD." Downes Decl. Ex. D at Ex. A-1; Downes Decl. Ex. E at Ex. A-1. Second, it sought for each member of the Class "ELECTRONIC DATA sufficient to show the begin date and end date for each period of military duty during the RELEVANT TIME PERIOD." Downes Decl. Ex. D at Ex. A-1; Downes Decl. Ex. E at Ex. A-1. To make sure the request was clear, it provided an example of what was sought: "By way of example, if a reservist attended two-day drills the first weekend of every month in 2019, the response should identify Jan. 5-6, 2019, Feb. 2-3, 2019, March 2-3, 2019, etc." Downes Decl. Ex. D at Ex. A-1; Downes Decl. Ex. E at Ex. A-1. The third request sought electronic data sufficient to show "the amount of compensation paid by the military for that period of military duty" for any period identified in response to the first request. Downes Decl. Ex. D at Ex. A-1; Downes Decl. Ex. E at Ex. A-1. Members of the Class were identified by name and social security number in class data provided to DOD with both subpoenas. Downes Decl. at ¶ 5.

Judge Bartle held a telephonic status conference on April 20, 2022, to discuss the progress of the DOD's compliance with the subpoena. Downes Decl. at ¶ 6. Counsel for the DOD attended the conference and represented that DOD would comply with the subpoena and

had begun the processing of working to locate responsive materials, but that production of documents would take several months. *Id*. Counsel for DOD subsequently informed Class Counsel that records related to members of the Coast Guard were in the possession of the Department of Homeland Security, and Class Counsel sought those records by separate subpoena to that agency. *Id*. at ¶ 7. Class Counsel inquired regarding the status of production by email on September 20, 2022, and counsel for DOD stated in response that records as to members of all branches other than the Coast Guard and the Marine Corps would be produced by the end of October. *Id*. at ¶ 8. Class Counsel met and conferred with counsel for DOD by telephone on October 19, 2022, regarding this motion and the Marine Corps data. *Id*. Counsel for the DOD stated that he was not in a position to provide a production timeline for the Marine Corps data, but that he would be discussing this issue with representatives of the Marine Corps on October 21, 2022. *Id*. Class Counsel followed up again on October 24, 2022, inquiring whether the Marine Corps had committed to a production timeline, but have not received a response as of this filing. *Id*. at ¶ 9.

## ARGUMENT

The Federal Rules of Civil Procedure permit the party serving a subpoena to move to compel when the recipient fails to comply. Fed. R. Civ. P. 37, 45(d)(2)(B)(i). Here, DOD has failed to comply with the subpoena by not producing requested data related to members of the Marine Corps or committing to a production timeline for it. Downes Decl. at ¶¶ 8-9. The district court presiding over the case already has determined that there was good cause for it to issue the subpoenas. Downes Decl. Ex. B at 2. DOD has simply failed to produce responsive documents.

The discovery sought is relevant and proportional. Plaintiff seeks only that DOD identify members of the Marine Corps who are members of the Class and produce both records of dates

of those Class members' military duty and pay for those dates of military duty. Downes Decl.

Ex. D at Ex. A-1; Downes Decl. Ex. E at Ex. A-1. This limited discovery is directly relevant to

the claims of Plaintiff and the Class under Count III of the operative complaint, for which Mr.

Scanlan seeks the remedy of differential pay. Responding will not impose an undue burden on

DOD. The subpoena was clear about what was requested and, as described above, included an

example of the information sought to avoid any doubt. DOD has also had sufficient time to

comply, as the original return date for the second subpoena was March 17, 2022, 222 days prior

to the filing of this motion. As the DOD has not objected to the subpoena, any objections to the

subpoena are waived. *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 196 F.R.D. 1, 3 (D.D.C.

2000) (declining to consider untimely objections with exception of witness's Fifth Amendment

claims). Therefore, DOD should be ordered to fully comply with the subpoena and produce the

Marine Corps data within 30 days of the Court's order. That will provide adequate time for DOD

to search for, collect, and produce the data sought by the subpoena and for counsel to confer as

necessary regarding any ESI or compliance issues that arise (in addition to the ample time DOD

has already had to comply).

Alternatively, the Court should promptly transfer this motion to the Eastern District of

Pennsylvania, which is "in a better position to rule on the motion due to [its] familiarity with the

full scope of the issues involved as well as any implications the resolution of the motion will

have on the underlying litigation." *Honeywell Int'l Inc. v. L. Offs. of Peter T. Nicholl*, No. MC

21-151(CKK), 2022 WL 43494, at *2 (D.D.C. Jan. 5, 2022) (transferring subpoena to forum of

underlying action) (quoting *In re Disposable Contact Lens Antitrust Litig.*, 306 F.Supp.3d 372,

375 (D.D.C. 2017) (insertion in original). Courts of this District consider three issues in deciding

whether to transfer subpoena enforcement motions: "(1) whether the underlying litigation will be

disrupted if the subpoena dispute is not transferred; (2) whether the nonparty subpoena recipient will suffer undue burden or cost if the subpoena dispute is transferred; and (3) whether, based on various considerations, the issuing court is in the best position to rule on the motion to compel." *Honeywell*, 2022 WL 43494, at *3. All three factors support transfer here.

*First*, these subpoenas (and the parallel subpoena to DHS) are the only incomplete fact discovery in the underlying case. The discovery deadline otherwise expired on March 31, 2022. Downes Decl. ¶ 10. Declining to transfer would risk disrupting the discovery timeline in the underlying case, which has already proceeded to summary judgment on all issues not related to the DHS and DOD data and requires the Department's subpoena compliance in order for expert discovery to conclude and for the case to proceed to trial. *Id*. Courts of this district transfer cases in similar circumstances. *Honeywell*, 2022 WL 43494, at *3; *Duck v. SEC*, 317 F.R.D. 321, 325 (D.D.C. 2016) (transfer "is appropriate where [it] would avoid interference with a time-sensitive discovery schedule issued in the underlying action"); *Google, Inc. v. Digital Citizens Alliance*, Misc. Action No. 15-0707 JEB/DAR, 2015 WL 4930979, at *3 (D.D.C. July 31, 2015) (transfer was appropriate where "not transferring the subpoena-related motions carrie[d] with it the potential of interfering with the discovery timeline of the underlying litigation"). *Second*, DOD will suffer no additional burden or cost to file its opposition to this motion in the Eastern District of Pennsylvania as opposed to the District of Columbia (particularly given Judge's Bartle practice to hold a number of proceedings by telephone—indeed, counsel for DOD has already attended a hearing in this case in the Eastern District of Pennsylvania by telephone, Downes Decl. ¶ 6). *Third*, other considerations weigh in favor of transfer, because the subpoenas in this case were issued by Judge Bartle on a finding of good cause rather than by Plaintiff's counsel. Downes Decl. Ex. B at ¶ 2; Downes Decl. Ex. C at ¶ 2. This creates a risk of conflicting court

rulings on the relevance and proportionality of the discovery sought, should this Court disagree. *See Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 (D.D.C. 2014) (holding that the "potential for inconsistent rulings should be avoided and weighs in favor of a single judicial officer deciding all of these disputes"). Because the District Court in the Eastern District of Pennsylvania issued the subpoenas, it is better positioned to resolve this dispute "in light of its history and familiarity with the parties and the issues underlying the subpoena dispute." *Honeywell*, 2022 WL 43494, at *4.

## CONCLUSION

For the foregoing reasons, the Court should grant the motion to compel or, alternatively, transfer this subpoena enforcement action to the Eastern District of Pennsylvania for further proceedings.

Dated: October 25, 2022

Respectfully submitted,

Colin M. Downes (DC Bar 1048761)
R. Joseph Barton (DC Bar 476510)
BLOCK & LEVITON LLP
1633 Connecticut Ave, NW, Ste. 200
Washington D.C. 20009
Telephone: (202) 734-7046
Fax: (617) 507-6020
jbarton@blockleviton.com
colin@blockleviton.com

*Attorneys for Plaintiff and the Class*

## RULE 37(a)(1) CERTIFICATE

I certify that I met and conferred with counsel for the United States Department of Defense by telephone on October 19, 2022, in an effort to obtain the discovery sought by this motion without court action.

DATE: October 25, 2022

Colin M. Downes
BLOCK & LEVITON LLP
1633 Connecticut NW, Suite 200
Washington DC 20009
Telephone: (202) 734-7046
Fax: (617) 507-6020
colin@blockleviton.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of October 2022, a copy of the foregoing Motion to Compel was served on counsel for AAG and American Airlines via email pursuant to a stipulation for electronic service between the parties and on the United States Department of Defense by certified mail to its General Counsel at the Pentagon, Room 3E788, Washington, DC 20301–1600, pursuant to Federal Rule of Civil Procedure 4 and 32 C.F.R. § 257.5(a).

DATE: October 25, 2022

Colin M. Downes
BLOCK & LEVITON LLP
1633 Connecticut NW, Suite 200
Washington DC 20009
Telephone: (202) 734-7046
Fax: (617) 507-6020
colin@blockleviton.com